**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **CAROL A. HARDY**, <br> a.k.a. CAROL A. JOHNSON, <br><br> Defendant. | Case No. 17-3110-03-CR-S-SRB |

### MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, hereby moves the Court to order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A); and possession, with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; and possession, within intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, crimes for which a term of not less than 10 years and not more than life imprisonment is possible.

The Government further submits that in light of the Superseding Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the Superseding Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's

case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, the defendant's statutory sentencing range is currently a term of imprisonment not less than 10 years and not more than life.

To further support the Government's contention of the defendant's risk to the safety of the community and to flee, the Government offers that:

- Hardy has prior felony convictions for involuntary manslaughter (vehicle intoxication) and driving while intoxicated as a persistent offender. In addition, she has two prior felony convictions for distribution, delivery, or manufacturing of a controlled substance and two prior felony convictions for possession of a controlled substance. Pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, Hardy could be subject to a mandatory sentence of life imprisonment.

- On October 18, 2017, Hardy possessed, with intent to distribute, approximately 1766 grams of suspected methamphetamine.

- Finally, on April 10, 2018, Hardy, while driving a Lincoln sedan in Kansas, fled from law enforcement at speeds of approximately 115 miles per hour. During the high-speed pursuit, Hardy is observed by law enforcement throwing two gallon-sized baggies of suspected methamphetamine out the window onto the highway.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By     */s/ Nhan D. Nguyen*
Nhan D. Nguyen
Missouri Bar No. 56877
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on May 4, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Nhan D. Nguyen*
Nhan D. Nguyen
Assistant United States Attorney